IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GREGORY WILLIAM FANTER,

                Petitioner,

      vs.

UNITED STATES OF AMERICA, and STATE
OF NEBRASKA,

                Respondents.

**4:22-CV-3067**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Gregory William Fanter's Petition for Writ of Habeas Corpus, Filing 1, brought pursuant to 28 U.S.C. § 2254 on April 27, 2022. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted a sixteen-page, typed document with attachments that does not clearly indicate the grounds for relief alleged.

Third, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state

officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the United States of America and the State of Nebraska as Respondents in this matter, which are not the proper respondents.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus. Accordingly,

IT IS ORDERED:

1.    The pending habeas petition, Filing 1, is deemed insufficient and the Court will not act upon it.

2.    By **August 26, 2022**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and in which he names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3.    The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4.    The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **August 26, 2022**: Check for amended petition.

Dated this 26th day of July, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge